UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIK JOHNSON
        Plaintiff,
v.                                                                                  Case No. 2:16-CV-27
                                                                                  HON. R. ALLAN EDGAR
PAUL L. MALONEY, TIMOTHY GREELEY,
and the UNITED STATES DISTRICT COURT
WESTERN DISTRICT of MICHIGAN,
        Defendants.
_____/

**OPINION AND ORDER**

Plaintiff filed this *pro se* suit against District Court Judge Maloney, Magistrate Judge Greeley, and the United States District Court for the Western District of Michigan in the 41st Circuit Court of the State of Michigan (Menominee County).  ECF No. 1. Plaintiff sues Defendants Greeley and Maloney for granting and affirming a motion to dismiss (against Plaintiff), as Plaintiff requested a jury trial; and he sues the Western District of Michigan for violating his rights to equal protection under the law and Plaintiff's Seventh Amendment right to a jury trial.  PageID.1-15.  On February 3, 2016, Defendants removed this action to the Western District of Michigan.  ECF No. 1.

The allegations brought forth in this suit arise from issues Plaintiff has with the judicial rulings in a separate civil suit he filed in 2015.  On August 26, 2015, Plaintiff brought a case against attorney Michael Kushnir and his law firm (Hinckley, Allen & Snyder, LLP).  Case No. 2:15-CV-109, ECF No. 1.  On December 4, 2015, Judge Greeley issued a Report and Recommendation dismissing Plaintiff's case for lack of personal jurisdiction.  Case No. 2:15-CV-109, ECF No. 7.  Plaintiff filed an objection claiming that Judge Greeley was biased.  Case No. 2:15-CV-109, ECF No. 8.  On December 14, 2015, Judge Maloney adopted the Report and

Recommendation despite Plaintiff's objection.  Case No. 2:15-CV-109, ECF No. 11.

Subsequently, Plaintiff filed this law suit against Judges Greeley and Maloney for their decisions in *Johnson v. Kushnir*, Case No. 2:15-CV-109, stating that these Judges:

> Violat[ed] the Constitution Of The United States of America, Due Process of law, Malfeasance, Malice, Maladministration, Breach of expressed contract, Breach of Trust, Violation of trust, Conspiracy, Concealment, Collusion, Fraud, Larceny, Incompetency, Inefficiency, Dishonesty, Insubordination, Discourteous treatment to the public, Neglect of duty, Fraud in securing appointment, Willful disobedience, Failure to uphold oath of office, Abuse of Power.

PageID.11-12.  Similarly, Petitioner claims that the United States District Court for the Western District of Michigan, "Violated Every Law of The Constitution/The Bill of Rights and State of Michigan as well as Common Law."  PageID.12.

Notably, Plaintiff has a history of filing such suits against federal judges. *See, e.g., Johnson v. Trott & Trott*, No. 2:11-CV-5, ECF No. 39 (claiming that Judge Edgar had a financial interest in the outcome of his civil case, which was later denied); *Johnson v. Fannie Mae*, No. 2:12-CV-452, ECF No. 30 (claiming Judge Quist had a financial interest in the outcome of his civil case, which was later denied); *Johnson v. Bell*, No. 2:15-CV-48, ECF No. 1-1, 15 (claiming Judges Edgar, Quist, and Bell were biased, which was later denied by Judge Maloney who also issued a permanent injunction against Plaintiff under the All Writs Act to curb his judicially motivated litigious behavior).[1]

On March 11, 2016, Defendants filed a motion to dismiss for lack of subject matter jurisdiction in this case. ECF No. 7. Defendants raised three claims supporting their

---

[1] Notably, the permanent injunction does not apply to this case, as the injunction was issued after Plaintiff had already filed this suit against Judges Greeley and Maloney. *See accord* ECF No. 7, PageID.49 n.2.

position that this motion should be dismissed: (1) Magistrate Judge Greeley and Judge Maloney are protected by judicial immunity, (2) The district court enjoys sovereign immunity from Plaintiff's claims, and (3) Plaintiff has failed to state a claim against any Defendant.  PageID.42-43.  Plaintiff did not file a response.  The matter is now ready for a decision.

I.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  The court must construe the complaint, and any documents incorporated by reference, in the light most favorable to plaintiff.  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).  A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted).

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Delorean Motor Co.*, 991 F.2d at 1240 (citations omitted).  The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts.  *Mayer*, 988 F.2d at 638.  While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *Delorean*, 991 F.2d at 1240.  "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Id.* (internal quotation omitted).

II.

Plaintiff asserts that Judges Greeley and Maloney, and the Western District of Michigan, were biased (among other accusations), when deciding the case of *Johnson v. Kushnir* against Plaintiff. PageID.11-12.  Defendants raise three defenses in support of their motion to dismiss. ECF No. 7.  Upon review of Plaintiff's claims and the defenses raised by Defendants, this Court GRANTS Defendants' motion to dismiss for the following reasons.

**A. Judicial Immunity**

Defendants assert, first and foremost, that judicial immunity protects Judges Greeley and Maloney from liability in this case. PageID.51-54.  "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (internal quotations omitted) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L. Ed. 646 (1972)); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  This immunity protects the finality of judgments and discourages inappropriate collateral attacks. *Forrester v. White*, 484 U.S. 219, 225 (1988).  It also, "insulat[es] judges from vexatious actions prosecuted by disgruntled litigants." *Id.*

Absolute judicial immunity may be overcome in only two instances.  "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citing *Forrester*, 484 U.S. at 229) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it").  "Second, a judge is not immune for actions, though judicial in nature, taken in

complete absence of all jurisdiction." *Id.* at 12 (*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) and *Bradley*, 13 Wall. at 351).

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that deciding a motion to dismiss and an objection to a report and recommendation were judicial acts, and that Judges Greeley and Maloney were acting within their jurisdiction in so doing. Accordingly, Judges Greeley and Maloney are absolutely immune from liability. As a result, Plaintiff may not maintain an action for monetary damages against these Judges. 28 U.S.C. § 1915(e)(2)(B)(iii).

### B. Sovereign Immunity

Plaintiff also claims that the United States District Court for the Western District of Michigan violated "Every Law of The Constitution of the United States/The Bill of Rights and State of Michigan as well as Common Law." PageID.12. Notably, however, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988) and *Federal Housing Admin. v. Burr*, 309 U.S. 242, 244 (1940)). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 and citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.")). Importantly, "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (internal quotations and citations omitted).

Generally, courts turn to the statute that Plaintiff claims has been violated in order to determine whether Congress has expressly waived sovereign immunity for an agency of the federal government in a specific situation. *See, e.g., Sossamon v. Texas*, 563 U.S. 277, 277-293 (2011) (suing a state under the Religious Land Use and Institutionalized Persons Act of 2000); *F.D.I.C.*, 510 U.S. at 475-486 (suing a federal agency under the Federal Tort Claims Act); *Hoffman v. Connecticut Dep't of Income Maintenance*, 492 U.S. 96, 104 (1989) (suing two separate government agencies under § 106(c) of the Bankruptcy Code, and §§ 542(b) and 547(b)). However, since Plaintiff makes the broad allegations that Defendants have violated "Every Law of The Constitution," for example, the Court is unable to ascertain which law Plaintiff specifically claims has been violated. *See* PageID.11-12.

Moreover, it is clear, based on Defendants' motion to dismiss, that the Western District of Michigan has not, itself, expressly waived sovereign immunity. Since waiver cannot be implied (it must be undeniably expressed), the Court cannot assume the District Court waived its immunity in this suit. As such, the United States District Court for the Western District of Michigan maintains sovereign immunity from suit in this case.

**C. Failure to State a Claim**

Finally, even if Defendants were not immune from suit in this case, Plaintiff's claims against Defendants would still be dismissed for failing to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(B)(6). Plaintiff's claims against Judges Greeley and Maloney are based on his assertions that these federal judges improperly dismissed his case before it was sent to a jury (which Plaintiff claims was done in error since he requested a trial by jury), and that these decisions were made for the judges' "personal gain" and due to their own "personal

interest[s]" and "bias."  PageID.10-12.  Moreover, Petitioner claims that the Western District of Michigan, through its employees (presumably Judges Greeley and Maloney) violated "Every Law of the Constitution." PageID.12.

Upon review of Plaintiff's complaint, it is clear that he has alleged nothing more than legal conclusions and vague allegations of wrongdoing, which do not put Defendants on "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Delorean*, 991 F.2d at 1240.  For example, Plaintiff vaguely alleges that The Western District of Michigan "Violated Every Law of The Constitution" (PageID.12) and that Judges Greeley and Maloney "Violat[ed] [] the Constitution Of The United States Of America, [and] Due Process of Law" (PageID.11-12), among other things. Because Plaintiff has merely asserted legal conclusions and general violations of "the law," his pleadings fail to state a claim.  Fed. R. Civ. P. 12(b)(6); *see Delorean*, 991 F.2d at 1240 ("[A] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.") (internal quote omitted). Consequently, Defendants' motion is GRANTED.

### III.

In light of the foregoing, the Court concludes that even when drawing all justifiable inferences in his favor, Plaintiff has failed to sustain his burden of proof in response to Defendants' Motion to Dismiss (ECF No. 7).  Accordingly, Defendants Motion to Dismiss (ECF No.7) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** in its entirety.

**SO ORDERED**.

Dated:  _4/14/2016_  　　　　　　　　　_/s/ *R. Allan Edgar*_____
　　　　　　　　　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE